# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN JOSEPH GUTTILLA,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE Commissioner of Social Security,<br><br>　　　　　　　　Defendant. | CASE NO. 09cv2259 MMA (RBB)<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION;**<br><br>[Doc. No. 13]<br><br>**(2) GRANTING PLAINTIFF'S MOTION FOR ORDER FOR REVERSAL;**<br><br>[Doc. No. 10]<br><br>**(3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND**<br><br>[Doc. No. 11]<br><br>**(4) REMANDING FOR PAYMENT OF BENEFITS** |

　　　Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Ruben B. Brooks, filed on August 13, 2010, recommending that the Court grant Plaintiff John Joseph Guttilla's motion for reversal and/or remand, and deny Defendant's motion for summary judgment. [Doc. No. 13.] On September 3, 2010, Defendant Michael J. Astrue, Commissioner of Social Security, filed objections to the R&R. [Doc. No. 14.] Plaintiff did not file a reply. Having

considered the parties' arguments and for the reasons stated herein, the Court finds the Magistrate Judge conducted a well-reasoned and thorough analysis, and **ADOPTS** the R&R.

## BACKGROUND

Plaintiff was born on December 19, 1944, and has past relevant work experience as a gaming or cardroom supervisor, a gambling dealer, a slot cashier, a retail cashier, and a door keeper. On April 29, 2007, he filed an application for Social Security Disability Insurance Benefits. He last worked on May 1, 2008, which he claims as his disability onset date.[1] Plaintiff initially claimed disability due to impairments from emphysema, prostate cancer, back injury and pain, and shortness of breath. On October 18, 2007, Plaintiff began treatment with psychiatrist Dr. Jeremy Flagel for symptoms of depression and panic disorder. Plaintiff continued to meet with treating physician Dr. Flagel in 2008 and 2009.

On April 7, 2009, Administrative Law Judge ("ALJ") Jerry Muskrat held a hearing to consider Plaintiff's application for disability benefits. At the hearing, Plaintiff withdrew his claims of disability due to his physical impairments, and submitted his disability claim based on his mental impairments, including major depression, anxiety, and panic disorder. The ALJ considered Plaintiff's medical records, Plaintiff's testimony, and testimony from Mary Jesco, an impartial vocational expert. On June 3, 2009, the ALJ issued a decision, finding that Plaintiff was not disabled under the Social Security Act. The ALJ's decision became final when the Appeals Counsel denied Plaintiff's request for review. On October 13, 2009, Plaintiff filed a complaint in this Court, and on March 19, 2010, Plaintiff filed a motion for order for reversal and/or remand to award benefits. On April 16, 2010, Defendant filed a cross motion for summary judgment. Magistrate Judge Brooks issued the present R&R on August 13, 2010, recommending that the Court grant Plaintiff's motion for reversal and/or remand, and deny Defendant's motion for summary judgment.

## LEGAL STANDARDS

The Social Security Act entitles a claimant to disability benefits if he is unable to "engage

---

[1] Plaintiff initially claimed March 5, 2007 as his disability onset date, but agreed to change it to May 1, 2008 at his administrative hearing.

in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i), 423(d)(1)(A). To qualify for benefits, the impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3); *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984). Further, the impairment must be of "such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

An individual may seek judicial review of the Commissioner of Social Security's final agency decision. 42 U.S.C. §§ 405(g), 1383(c)(3). However, the scope of review is limited. A court may not overturn the Commissioner's final action unless (1) the ALJ's findings of fact are not supported by substantial evidence, or (2) the ALJ failed to apply the proper legal standards. *See Flaten v. Secretary of Health and Human Svcs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

"Substantial evidence" means evidence a reasonable person might accept as adequate to support the ALJ's conclusion, considering the record as a whole. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Court must consider both the evidence that supports and detracts from the Commissioner's conclusions. *See Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001); *Desrosiers v. Sec'y of Health and Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988).

Even if substantial evidence supports the ALJ's findings, a court must set the decision aside if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching a decision. *See Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir. 1978). But if the evidence supports more than one rational interpretation, the court must uphold the ALJ's decision. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1989).

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth the duties of the district court in connection with a Magistrate Judge's report and recommendation. The district court "must make a de novo determination of those portions of the report . . . to which objection is

made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

## ANALYSIS

Defendant objects on three grounds to the Magistrate Judge's recommendation to grant Plaintiff's motion for reversal and award payment of benefits. First, Defendant argues the Magistrate Judge's analysis and conclusion relied on arguments and case law that Plaintiff did not present. Second, Defendant contends the Magistrate Judge did not give proper deference to the ALJ's interpretation of the medical evidence, as is required when there are mixed findings and ambiguities in the medical evidence. Third, Defendant argues the Magistrate Judge's recommendation to award benefits is extreme and not explained in the R&R, nor is it warranted by the facts of this case. [Doc. No. 14.] The Court addresses each of these arguments in turn.

**I.    The Magistrate Judge's Consideration of the ALJ's Reasoning and Case Law**

Defendant contends that in Plaintiff's motion for reversal of the ALJ's decision, Plaintiff alleged the ALJ made a single error by not adequately addressing the treating physician's opinion. Defendant argues that because Plaintiff raised only one alleged error, the Magistrate Judge exceeded the necessary scope of analysis and should not have considered all the ALJ's proffered reasons for giving less weight to Dr. Flagel's opinion. The Court disagrees.

 "Whether substantial evidence supports a finding is *determined from the record as a whole*, with the court weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir.2001) (internal citation omitted) (emphasis added). On review the court must make a determination "from the record as a whole." *Id.* Thus, contrary to Defendant's objection, it was proper for the Magistrate Judge to consider the validity of each reason the ALJ provided for giving less weight to portions of Dr. Flagel's opinion.

Moreover, a review of Plaintiff's moving papers reveals Plaintiff alleged the ALJ's analysis contained more than one error. [Doc. No. 10.] For example, Plaintiff alleges the ALJ erred by "substituting his opinion of mental impairment versus the opinion of the treating

1  psychiatrist." [Doc. No. 10 at 11.]  He also alleges the ALJ did not provide evidentiary support for
2  rejecting Dr. Flagel's opinion of Plaintiff's mental functioning.  [Id. at 12.]  Plaintiff further
3  alleges the ALJ used personal observations to draw his own conclusions regarding Plaintiff's
4  mental functioning. [Id. at 13.]  Thus, Defendant's objection that Plaintiff asserted only one
5  alleged error is unfounded.

6  **II.     Deference to the ALJ's Interpretation of Medical Evidence Where Ambiguities Exists**

7  Defendant next argues that where ambiguities exist in the medical evidence, a court must
8  defer to the ALJ's interpretation.  Defendant objects to the Magistrate's decision not to give
9  deference the ALJ's interpretation, and instead choosing to provide an independent interpretation
10 of the evidence.

11 "The ALJ is responsible for determining credibility, resolving conflicts in medical
12 testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th
13 Cir.1995).  "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's
14 conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (2005) (internal citation
15 omitted).  Here, Dr. Flagel's mental status evaluation notes are ambiguous because they contain
16 mixed findings.  For example, Dr. Flagel's mental status evaluation noted Plaintiff had intact
17 memory and intact concentration, and yet also noted Plaintiff reported he "[c]an't concentrate."
18 [Doc. No. 4 at 343-45.]  The ALJ concluded the mixed findings did not support Dr. Flagel's
19 opinion that Plaintiff suffered from mental impairments.  Despite the Magistrate Judge's obligation
20 to uphold the ALJ's conclusion as to this particular matter, the Magistrate Judge elected to
21 conclude the mixed findings showed the ALJ did not base his decision on solid evidence.

22 Even though the Magistrate Judge did not uphold the ALJ's interpretation of the mixed
23 findings, any oversight in doing so is immaterial when compared with the overall lack of
24 substantial evidence in the record to support the ALJ's decision. *See Richardson*, 402 U.S. at 401;
25 *Thomas v. Barnhart*, 278 F.3d at 954.  Where the treating physician provides an uncontroverted
26 expert opinion supporting a finding of disability, an ALJ may not reject such opinion without
27 providing "clear and convincing" reasons for doing so. *See Bilby v. Schweiker*, 752 F.2d 716, 718
28 (9th Cir. 1985).

Here, treating physician Dr. Flagel provided an uncontroverted expert opinion supporting a finding of disability.  The Magistrate Judge not only analyzed the ALJ's reasoning regarding the mental status evaluation, but also analyzed the ALJ's other reasons for affording Dr. Flagel's opinion little weight.  The Magistrate Judge's analysis of these other reasons in conjunction with the evidence in the record shows that the ALJ did not provide "clear and convincing" reasons for affording Dr. Flagel's opinion little weight.

For example, there was not substantial evidence in the record to support the ALJ's conclusion that Plaintiff's symptoms were being "appropriately managed" with a combination of medications and therapy.  [Doc. No. 13, at 25-27.]  Also, there was not substantial evidence in the record to support the ALJ's reasoning that Plaintiff did not report adverse side effects from a medication.  [Id. at 27.]  Additionally, the ALJ did not provide reasoning for his conclusion that Dr. Flagel's assignment of a global assessment functioning score was inconsistent with Plaintiff's symptoms.  Therefore in the aggregate, the ALJ did not provide "clear and convincing" reasons for affording Dr. Flagel's finding of disability little weight, and the ALJ's decision is not supported by substantial evidence in the record.

### III.     Remedy of Benefits Award

Defendant argues an award of benefits is an extreme remedy and the Magistrate Judge does not explain his reasoning for recommending an award of benefits.  Defendant further asserts an award of benefits is not warranted by the facts of this case because of the mixed findings in Dr. Flagel's initial mental status evaluation.  [Doc. No. 14, at 3.]

"The decision whether to remand the case for additional evidence or simply to award benefits is within the discretion of the court." *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir.1985). Courts generally award benefits when no useful purpose would be served by further administrative proceedings, or when the record is fully developed and there is not sufficient evidence to support the ALJ's conclusion. *See Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989), citing *Kornock v. Harris*, 648 F.2d 525, 527 (9th Cir.1985) and *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir.1986).  Remand is appropriate "where additional administrative proceedings could remedy defects," but where remand would only delay the receipt of benefits, judgment for the claimant is

appropriate. *Id.*, quoting *Bilby v. Schweiker*, 762 F.2d 716, 719 (9th Cir.1985).

The Magistrate Judge's recommendation to remand the matter for an award of benefits is appropriate. Where the ALJ failed to provide clear and convincing reasons for discounting the opinion of the claimant's treating physician, the Ninth Circuit accepted the physician's uncontradicted testimony as true and awarded benefits. *See Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir.1988). Similarly here, the R&R properly found the ALJ failed to provide clear and convincing reasons for discounting Dr. Flagel's opinion. And even if the Court were to remand the case to resolve the mixed findings in Dr. Flagel's initial evaluation notes, it would only delay the receipt of benefits because the record as a whole demonstrates there is not sufficient evidence to support the ALJ's conclusion. As such, the Court finds it appropriate and elects under its discretion to award benefits to Plaintiff.

## CONCLUSION

Accordingly, for the aforementioned reasons, **IT IS HEREBY ORDERED** that:

1. The Magistrate Judge's Report and Recommendation is **ADOPTED**;
2. Plaintiff's Motion for Reversal is **GRANTED**;
3. Defendant's Motion for Summary Judgment is **DENIED**; and
4. The matter is **REMANDED** for an award of benefits.

**IT IS SO ORDERED.**

DATED: December 20, 2010

Hon. Michael M. Anello
United States District Judge